UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J.R. SIMPLOT COMPANY<br>1099 W. Front Street<br>Boise, ID 83702<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MCFARLING FOODS, INC.<br>Attn: Manager or Officer<br>5273 Lakeview Parkway South Drive<br>Indianapolis, IN  46268<br><br>　　and<br><br>JOHN ZOMBOLAS<br>5273 Lakeview Parkway South Drive<br>Indianapolis, IN  46268<br><br>　　and<br><br>JOHN BURKE<br>5273 Lakeview Parkway South Drive<br>Indianapolis, IN  46268<br><br>　　and<br><br>HORTENSE WHITE<br>5273 Lakeview Parkway South Drive<br>Indianapolis, IN  46268<br><br>　　and<br><br>CARL LAVONCHER<br>5273 Lakeview Parkway South Drive<br>Indianapolis, IN  46268<br><br>　　and | **CIVIL CASE NO.   23-1979**<br><br><br>**COMPLAINT** |

1

| | |
|---|---|
| BRIAN BROOKSHIRE | ) |
| 5273 Lakeview Parkway South Drive | ) |
| Indianapolis, IN  46268 | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff J.R. Simplot Company ("Plaintiff") brings this civil action against Defendants McFarling Foods, Inc. ("McFarling Foods"), John Zombolas, John Burke, Hortense White, Carl Lavoncher and Brian Brookshire (all collectively, "Defendants"), for damages, equitable relief and injunctive relief and alleges as follows:

## I. JURISDICTION

1. Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499e(b)(2) and §499e(c)(5)(i).  This Court is also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state-based claims.

## II. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred within this district and in that the Defendants are domiciled in this district.

## III. PARTIES

3. Plaintiff is a Nevada corporation with its principal place of business in Boise, Idaho and is engaged in the business of selling wholesale quantities of frozen vegetables nationwide.  At

all times relevant herein, Plaintiff held federal produce license number 19691765 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

4. Defendant McFarling Foods is an Indiana corporation with its principal place of business in Indianapolis, Indiana (Marion County). McFarling Foods was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in Indiana and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq*., ("PACA"). At all times relevant herein, McFarling Foods has maintained federal produce license number 20200799 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

5. Defendants John Zombolas, John Burke, Hortense White, Carl Lavoncher and Brian Brookshire (collectively, "Individual Defendants") are or were owners, officers, directors, and/or at least 10% shareholders of McFarling Foods during the relevant time period, making them "responsibly connected" under PACA. [7 U.S.C. §499(a)(b)9 and 7 C.F.R. §46.2(ff)] Each of the Individual Defendants are current reported principals with the Indiana Secretary of State and/or reported principals and signatories on the McFarling Foods PACA license.

6. Individual Defendants are or were persons in control of, and responsible for, the day-to-day operations of McFarling Foods and the disposition of McFarling Foods's assets, including its PACA trust assets. At all times relevant herein, Individual Defendants actually exercised such control over McFarling Foods and its assets. Individual Defendants are charged with a continuing statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA.

## IV. CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT MCFARLING FOODS

**(Failure to Maintain PACA Trust)**

7. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

8. At McFarling Foods's request, Plaintiff sold, on credit and through interstate commerce, perishable agricultural commodities to Defendant, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities | Total Amount Sold | Amount[1] Unpaid |
|---|---|---|---|---|
| J.R. Simplot Company | July 2023 through August 2023 | Frozen Vegetables | $183,798.97 | $183,798.97 |

9. Plaintiff duly delivered the perishable agricultural commodities to McFarling Foods.

10. McFarling Foods received and accepted the perishable agricultural commodities from Plaintiff.

11. Pursuant to the payment terms between the parties, McFarling Foods is in default with respect to the principal amount of $183,798.97 outstanding to Plaintiff for the perishable agricultural commodities, despite repeated demands. *See,* Statement of Account attached hereto and incorporated herein as Exhibit A.

12. Pursuant to the trust provision of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received, all inventories of food or other products

---

[1] Plus accruing interest at 1.50% per month and attorney fees and costs.

derived from said commodities, and the proceeds from the sale of such commodities until <u>full payment</u> is made for said commodities by McFarling Foods to Plaintiff.

13. McFarling Foods has failed and refused to pay for the commodities it ordered, received, and accepted from Plaintiff, despite due demand.

14. On each of the outstanding invoices sent by Plaintiff to McFarling Foods, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

15. Plaintiff is an unpaid creditor, supplier, and seller of perishable agricultural commodities as those terms are defined under PACA.

16. Upon information or belief, McFarling Foods has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of plaintiff and grew upon each delivery of perishable agricultural commodities.

17. The failure of McFarling Foods to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by it from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful and, as a direct result, Plaintiff has suffered damages.

## COUNT II

## ALL DEFENDANTS

**(Dissipation of Trust Assets)  [7 C.F.R. §46.46(a)(2)]**

18.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

19.     Upon information and belief, proceeds obtained from the sale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries by PACA, were diverted and improperly expended by Defendant McFarling Foods and the Individual Defendants for other purposes.

20.     On each of the outstanding invoices sent by Plaintiff to Defendant McFarling Foods and the Individual Defendants, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

21.     Upon information and belief, Defendant McFarling Foods and the Individual Defendants received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay Plaintiff's outstanding invoices, but were not.

22.     As a direct result of the dissipation of trust assets by Defendant McFarling Foods and the Individual Defendants, Plaintiff's ability to recover its money has been impaired and it has therefore suffered damages.

## COUNT III

## DEFENDANT MCFARLING FOODS

### (Failure to Account and Pay for Produce – 7 U.S.C. §499b (Unfair Conduct))

23. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

24. McFarling Foods has failed and refused, without reasonable cause, to account and make full payment promptly of $183,798.97 to Plaintiff, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received, and accepted from Plaintiff.

25. The failure and refusal of McFarling Foods to account and make said payments to Plaintiff for the commodity sales transactions is a violation of PACA (7 U.S.C. §499b) and PACA regulations, constitutes Unfair Conduct, is unlawful, and, as a direct result, Plaintiff has suffered damages.

## COUNT IV

## ALL DEFENDANTS

### (Breach of Fiduciary Duty / Non-Dischargeability) (11 U.S.C. §523(a))

26. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

27. Upon information and belief, between July 2023 and August 2023, Defendant McFarling Foods and the Individual Defendants actively managed, controlled, and directed the credit purchase of perishable agricultural commodities from Plaintiff.

28. Upon information and belief, Defendant McFarling Foods and the Individual Defendants received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiff's outstanding invoices, but were not.

29. Upon information and belief, Defendant McFarling Foods and the Individual Defendants, in breach of their fiduciary obligations as trustees of the PACA trust, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499(e)(c), thereby heightening liability herein to the state of non-dischargeability pursuant to 11 U.S.C. §523(a).

30. As a direct result of the foregoing, Defendant McFarling Foods and the Individual Defendants have violated their fiduciary duties as statutory trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a direct result, Plaintiff has suffered damages.

## COUNT V

## DEFENDANT MCFARLING FOODS

**(Breach of Contract for Unpaid Invoices / Action on Account)**

31. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

32. Between July 2023 and August 2023, McFarling Foods contracted with Plaintiff to purchase frozen produce ($183,798.97) on credit.

33. Plaintiff faithfully performed all aspects of the contract, with McFarling Foods receiving and accepting all the produce.

34. Plaintiff properly and timely invoiced each sales transaction, and pursuant to the payment terms between the parties, McFarling Foods is in default to Plaintiff on all amounts unpaid and outstanding.

35. McFarling Foods breached the contract by failing and refusing to pay Plaintiff the principal sum of $183,798.97 despite due demand. As a direct result of non-payment, Plaintiff has suffered damages, including interest and attorney fees.

## COUNT VI

## ALL DEFENDANTS

**(Interest and Attorney Fees)**

36. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

37. Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in favor of Plaintiff in order to make <u>full payment</u> to Plaintiff of said amount.

38. As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

39. As a result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

40. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorney fees, and litigation costs, and also suffer the loss of interest on the outstanding amount owed, all because of violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

41. In addition to the above recitals, Plaintiff maintains express claims for interest and attorney fees based upon the terms and conditions of sale listed on the face of each invoice, as between merchants, which were bargained terms of the sales contract and are sums owing in connection with the produce transaction pursuant to 7 U.S.C. §499e(c)(2).

**WHEREFORE**, Plaintiff J.R. Simplot Company respectfully prays that this Court issue an Order:

a. granting non-dischargeable judgment in favor of Plaintiff J.R. Simplot Company and against Defendants McFarling Foods, Inc., John Zombolas, John Burke, Hortense White, Carl Lavoncher and Brian Brookshire, jointly and severally, in the principal amount of $183,798.97, together with pre- and post-judgment interest at the parties' contractual rate and the costs of this action;

b. declaring and directing all Defendants to establish and/or preserve the trust fund consisting of funds sufficient to pay Plaintiff's principal PACA trust claim of $183,798.97 plus attorney fees;

c. enjoining until the entry of the relief herein requested and compliance therewith, all Defendants and their agents, employees, and representatives from in any way, directly or indirectly, interfering, assigning, or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

d. declaring and directing all Defendants to assign, transfer, deliver, and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer; and

e.  granting Plaintiff reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: November 3, 2023          Respectfully submitted,


*s/ Mark A. Amendola*
MARK A. AMENDOLA
OH Bar ID No.: 0042645
Pro Hac Vice Application Pending
MARTYN AND ASSOCIATES CO.
820 W. Superior Avenue, Tenth Floor
Cleveland, Ohio 44113
Telephone: (216) 861-4700
Facsimile: (216) 861-4703
Email: mamendola@martynlawfirm.com

Attorney for Plaintiff J.R. Simplot Company